UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZEN SEIFU,　　　　　　　　　　　　　　　　　　Case No. 1:21-cv-462

　　　　Plaintiff,　　　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　v.

POST MASTER GENERAL, U.S. POSTAL SERVICE,

　　　　Defendant.

**REPORT AND RECOMMENDATION**

On July 12, 2021, Plaintiff, proceeding *pro se*, initiated this litigation against her current employer, the United States Postal Service.[1] (Doc. 1). Due to the omission of some information as well as the inclusion of other inconsistent information on her application, (*see* Doc. 4), the Court only conditionally granted Plaintiff leave to proceed in forma pauperis.[2]

In her current complaint, (Doc. 5), Plaintiff alleges that she has been subjected to discrimination, including disparate treatment and a hostile work environment, based upon her race, national origin, sex, and disability. The complaint further alleges that she was subjected to retaliation based upon her prior EEO activity. "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting

---

[1] The instant case is Plaintiff's second proceeding in this Court against the same employer. *See Seifu v. Postmaster General*, Case No. 1:19-cv-572. The undersigned granted summary judgment to the Defendant in the prior case; Plaintiff's appeal of that decision remains pending before the Court of Appeals for the Sixth Circuit.
[2] No information to date has been presented that would call into question Plaintiff's in forma pauperis status.

1

*Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted). The original complaint alleges that Plaintiff has exhausted her administrative remedies on all claims as required in order to pursue relief in this Court. (Doc. 5 at ¶10). More specifically, she alleges that she filed an informal complaint on June 29, 2020, followed by a formal EEO complaint filed on or about November 9, 2020. She alleges she received the Agency's final decision on May 26, 2021, and that the EEO investigated and issued its Report of Investigation ("ROI") on June 7, 2021.

On September 28, 2021, Defendant filed a motion to dismiss the complaint under Rule 12(b)(6), citing a lack of exhaustion based upon Plaintiff's then still-pending appeal of the Final Agency Decision in Case No 1C-451-0058-20 to the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). However, in response to the Defendant's motion, Plaintiff did three things: (1) she filed an amended complaint, (Doc. 10); (2) she withdrew her OFO appeal and (3) she responded to the motion to dismiss by pointing out the actions she took to remedy the defect that Defendant alleged in its motion to dismiss. (*See* Doc. 14). Despite being granted an extension of time to file a reply brief, Defendant did not do so. (See Doc. 15 and notation order of 11/24/2021).

Defendant filed no objection to Plaintiff's amended complaint, which appears to have been timely filed in response to Defendant's motion, under Rule 15(a)(1)(B), Fed. R. Civ. P. Although Defendant has failed to answer or otherwise respond to the amended complaint, it supersedes the original complaint and thereby moots the Defendant's pending motion to dismiss.

2

Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 8) be **DENIED AS MOOT**.  By separate Order filed herewith, Defendant is directed to show cause for its failure to respond to the amended complaint.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ZEN SEIFU,

    Plaintiff,

v.

POST MASTER GENERAL, U.S. POSTAL SERVICE,

    Defendant.

Case No. 1:21-cv-462

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).