UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZEN SEIFU,

    Plaintiff,

v.

POST MASTER GENERAL, U.S. POSTAL SERVICE,

    Defendant.

Case No. 1:21-cv-462

Hopkins, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se and conditionally *in forma pauperis*, (*see* Doc. 4), Plaintiff filed suit against her employer, the United States Postal Service.[1] (Doc. 1). Pursuant to the General Order in effect at the time the case was filed, the case was referred to the undersigned magistrate judge. Currently pending are two motions: (1) Plaintiff's motion seeking leave of Court to file a second amended complaint and (2) Plaintiff's motion to compel discovery. Defendant opposes both motions. For the reasons stated below, Plaintiff's motion to further amend her complaint will be GRANTED but her motion to compel will be DENIED.

**I.    Procedural Background**

In lieu of filing an answer to Plaintiff's original complaint, Defendant filed a motion to dismiss under Rule 12(b)(6), citing a lack of exhaustion based upon Plaintiff's then still-pending appeal of the Final Agency Decision in Case No 1C-451-0058-20 to the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). In

---

[1] The instant case is Plaintiff's second proceeding in this Court against the same employer. *See Seifu v. Postmaster General*, Case No. 1:19-cv-572-SKB. The Court granted summary judgment to the Defendant in the prior case, and the Sixth Circuit recently affirmed. (*Id*., Doc, 118; *see also* Court of Appeals Case No. 21-4068).

1

response to that motion, Plaintiff did two things: (1) she filed an amended complaint, (Doc. 10); and (2) she withdrew her OFO appeal. (*See* Doc. 14). Because Plaintiff's first amended complaint superseded her original complaint, the Court denied Defendant's first motion to dismiss as moot. (Docs. 17, 26). Defendant thereafter filed its answer[2] and the case proceeded to discovery under the Court's calendar order. (Docs. 19, 24).

On the August 1, 2022 deadline for the amendment of pleadings, Plaintiff filed a document captioned as a "second amended complaint" along with numerous exhibits to that pleading. (Doc. 27). After initially seeking an extension of time to answer, (Doc. 28), Defendant instead moved to strike the second amended complaint based upon Plaintiff's failure to move for leave of court to file it. (Doc. 32). In response to Defendant's motion to strike, Plaintiff filed the necessary motion seeking leave, to which she attached the tendered second amended complaint as an exhibit.[3] (Doc. 33). On October 5, 2022, the Court granted the motion to strike the prematurely filed pleading, but allowed Plaintiff's motion for leave to file a second amended complaint (Doc. 33) to be considered as if timely filed. (Doc. 34). Defendant then filed a response in opposition to Plaintiff's motion to further amend her complaint, arguing that the motion to amend should be denied as futile. (Doc. 37). Plaintiff has filed a reply in support of the amendment. (Doc. 39).

In addition to the motion seeking leave to file a second amended complaint, Plaintiff has filed a motion to compel Defendant to produce discovery. (Doc. 40). After Defendant filed a response in opposition to that motion, Plaintiff filed no reply.

---

[2]Defendant initially failed to answer the amended complaint, leading to the issuance of a "show cause" order. Defendant filed its belated answer on March 1, 2022. (Docs. 18, 19).
[3]The prematurely filed and previously stricken pleading contained numerous exhibits. When Plaintiff filed a motion seeking leave of Court to further amend her pleading, she did not include the previously stricken exhibits. The pending motion seeking leave of Court is therefore limited to the tendered second amended complaint attached to the motion.

**II.  Analysis**

**A. Motion for Leave to File a Second Amended Complaint**

In support of the proposed second amended complaint, Plaintiff primarily cites to Rule 15(a)(2), Fed. R. Civ. P., which states that a court "should freely give leave when justice so requires." She argues that this Court should grant permission to file the second amended complaint because she exhibited no undue delay, but sought amendment within the Court's stated deadline. She maintains that there is no bad faith or dilatory motive on her part in seeking the amendment.

In its opposition to amendment, Defendant does not argue to the contrary. Instead, Defendant argues that amendment would be "futile" because the second amended complaint "adds no new claims." (Doc. 37 at 1). But Defendant cites no authority for the proposition that an amended complaint must add "new claims" in order to be permissible. Rather, Defendant cites to case law that clearly explains that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *U.S. ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Defendant does not expressly argue that the proposed second amended complaint could not withstand a Rule 12(b)(6) motion to dismiss. Other than articulating the ways in which all of the claims included in the proposed second amended complaint were previously included in the first amended complaint, Defendant presents virtually no substantive argument as to why *any* of the claims fails as a matter of law under Rule 12(b)(6).[4] The closest Defendant gets is asserting that "[a]ny allegation or claim allegedly

---

[4] Defendant argues only in the most cursory fashion (without elaboration or citation and contrary to authority) that "[b]ecause Plaintiff has made no new claim in her Second Amended Complaint, any purported new claim or allegation in Plaintiff's Second Amended Complaint cannot withstand a motion to dismiss." (Doc. 37 at 8-9, PageID 464-465).

3

occurring prior to early 2020 has not been exhausted administratively and is untimely." (Doc. 37 at 9, PageID 465). However, Defendant does not flesh out this one-sentence argument. In the context of the limited review available on the pending motion to amend and/or under Rule 12(b)(6),[5] the undersigned declines to deny the proposed amendment based upon a vague reference to Plaintiff's alleged failure to exhaust unspecified claims "prior to early 2020." For the same reasons, the undersigned does not find persuasive the concluding sentence of Defendant's memorandum that: "Plaintiff's 'History of Employment,' and other allegations relating to allegations in or about 2015 and 2016 [are] irrelevant to this case." (Doc. 37 at 10-11, PageID 466-467). Still, the fact that the Court finds Defendant's conclusory arguments to be unpersuasive at this procedural juncture does not mean that Defendant is foreclosed from raising the same or similar arguments at a later date, if appropriately supported in a future dispositive motion.

In her reply memorandum, Plaintiff reiterates that the factors of Rule 15(a)(2) favor granting her motion for leave to amend in this case. The undersigned agrees. Again, Defendant's primary basis for opposing amendment is Plaintiff's failure to add *new* claims to the second amended complaint. Notably, Defendant does not argue that it will be prejudiced by the amendment, and the alleged reiteration of the same claims arguably refutes the possibility of prejudice. In her reply, Plaintiff explains that the main purpose of her second amended complaint is to include additional alleged "facts" and "evidence" to add context in support of her existing claims. A proposed amendment for the purpose

---

[5]A failure to exhaust is typically an affirmative defense on which the Defendant bears the burden of proof. Based upon that burden of proof and the limited scope of review dictated by Rule 12(b)(6), exhaustion is more frequently raised on summary judgment. "[I]n the absence of a clear admission on the issue in the complaint itself, multiple courts have acknowledged that "the exhaustion affirmative defense is best raised in a motion for summary judgment . . . because proof of lack of exhaustion generally requires [courts to] resort to matters outside the pleadings, such as affidavits and documentary evidence." *Hollis v. Erdos*, 480 F. Supp.3d 823, 830-31 (S.D. Ohio 2020) (additional citation omitted).

4

of adding or correcting factual allegations to support existing claims is a valid basis for amendment.

### B. Motion to Compel Discovery

In addition to seeking leave to file a second amended complaint, Plaintiff has moved to compel Defendant "to provide complete and adequate answers" to Plaintiff's written discovery requests. (Doc. 40 at 1). Plaintiff states that she served Interrogatories and Requests for Production of Documents and Admissions on September 14, 2022. Plaintiff complains that Defendant was tardy in its responses, and that the responses that were provided were inadequate and/or improper. For example, Plaintiff notes that Defendant objected to nearly all interrogatories as overly vague or too broad, even though in Plaintiff's view, the Interrogatories were neither vague nor broad. By way of example, Plaintiff summarizes the first ten of her Interrogatories, many of which appear to be fairly straightforward inquiries. Plaintiff next summarizes Defendant's allegedly deficient responses to support her assertion that Defendant has acted in bad faith by failing to "properly answer twenty-seven (27)" out of thirty Interrogatories. She seeks an order compelling Defendant to supplement its responses to all Interrogatories and to produce the requested documents, as well as an award of "expenses and attorneys' fees associated with this motion." (Doc.40 at 4).

Plaintiff's motion will be denied on procedural grounds.[6] Local Rule 37.1 provides that discovery related motions "shall not be filed in this Court" unless the parties and counsel have "exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. Federal Rule of Civil Procedure 37 contains a similar requirement that any motion to compel contain a "certification that the movant has in good

---

[6] Although there is no basis to consider the motion on the merits, the Court notes that a pro se litigant like Plaintiff cannot recover attorneys' fees.

5

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff's motion fails to contain the requisite certification.[7]

In its memorandum in opposition to Plaintiff's motion, Defendant indicates that Plaintiff made *some* efforts to resolve the dispute extrajudicially. With respect to Plaintiff's contention that its responses were out-of-time, Defendant admits that Plaintiff "graciously extended the deadline for Defendant to respond on two occasions." (Doc. 42 at 1). Defendant states that it provided some responses on November 2, 2022,[8] along with a proposed protective order. However, when Plaintiff failed to indicate whether she would agree to a protective order, Defendant took no further action to produce documents. (Doc. 42 at 2). With respect to its Interrogatory responses, Defendant states that after Plaintiff contacted defense via email to request more complete responses, counsel emailed back a request that Plaintiff "specifically identify how its answers and responses failed to comply with her requests." (Doc. 42 at 2). Rather than engaging in further communication, Plaintiff simply filed her motion to compel. Such limited email communication does not satisfy Plaintiff's obligation to fully and fairly exhaust "all extrajudicial means for resolving the differences" prior to filing a discovery motion. Because Plaintiff has failed to comply with the strict procedural prerequisites of LR 37.1 and Rule 37, her motion will be denied.

---

[7]In Plaintiff's prior litigation, Case No. 1:19-cv-572-SKB, her first motion to compel also was denied without prejudice in part based upon the same procedural defect: Plaintiff's failure to fully comply with LR 37.1 and Rule 37, Fed. R. Civ. P. (*See id.*, Doc. 37). Plaintiff eventually re-filed a new motion that set forth Plaintiff's extrajudicial attempts to resolve the discovery dispute prior to filing a motion with the Court, attaching copies of email communications between herself and defense counsel as exhibits. (Doc. 57). Ultimately, the Court partially granted Plaintiff's second motion. The Court noted that although Plaintiff had engaged in some wrongful conduct, defense counsel also had improperly failed to adequately respond to her discovery requests. The Court imposed non-monetary sanctions on *both* parties and expressly forbade either party from filing additional discovery-related motions prior to contacting the Court to request an informal telephonic hearing should any further issues arise that could not be resolved extrajudicially. (Doc. 71).
[8]Defendant does not state whether that date fell within the extended deadline to which Plaintiff had agreed.

Defendant additionally argues that the motion should be denied because Plaintiff summarized ten Interrogatories and responses, but failed to attach to her motion the complete copies of all thirty Interrogatories and responses. Defendant contends that even in her motion, Plaintiff fails to sufficiently explain the alleged deficiencies of Defendant's responses with particularity. Defendant maintains that despite its objections, it provided "sufficient" answers and responsive documents "with the exception of those awaiting a signed protective order." (Doc. 42 at 2). Defendant further asserts that many of its objections are based upon Defendant's view that Plaintiff seeks discovery beyond the scope of issues in dispute. Although that general assertion fails to identify any specific Interrogatory that Defendant believes to fall outside the scope of discoverable information, Plaintiff has failed to file any reply memorandum.

It is true that it is easier for the Court to rule on a discovery motion when copies of the disputed Interrogatories and responses are attached as an exhibit. Here, Plaintiff's failure to discuss more than the first ten Interrogatories would leave the Court unable to fully resolve the parties' dispute if it were to reach the merits. Still, the Court would be remiss if it failed to acknowledge that Plaintiff's summaries of the first ten Interrogatories and responses thereto are quite specific. Defendant does not claim that those summaries are inaccurate, nor does Defendant itself provide copies of its full responses.

Although Defendant urges this Court to deny Plaintiff's motion "with prejudice," (Doc. 42 at 3), the Court finds no basis for doing so at this time. That said, the Court cautions <u>both</u> parties to proceed in good faith to resolve their remaining discovery disagreements extrajudicially. If Plaintiff believes a particular objection is improper, she must specifically identify the disputed Interrogatory and the objection to the Defendant. A single email exchange is not sufficient. If some issue remains after extrajudicial attempts to resolve the dispute have been <u>fully</u> exhausted, Plaintiff may re-file a motion to compel

7

that contains the requisite certification,[9] and that better articulates which specific discovery requests and responses remain in dispute, the relevance of the disputed request(s), and why she believes Defendant's objections lack merit.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. 33) is **GRANTED**, with the tendered second amended complaint (Doc. 33-1) to be **FILED**;

2. Plaintiff's motion to compel additional discovery responses (Doc. 40) is **DENIED** without prejudice.

                                                          *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[9] Given the relatively paltry efforts to resolve the dispute to date, any certification should detail the parties' efforts, including the dates of any email correspondence and/or telephonic communications.