UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZEN SEIFU,  Case No. 1:21-cv-462

    Plaintiff,

    v.

Hopkins, J.
Bowman, M.J.

POST MASTER GENERAL, U.S. POSTAL SERVICE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se and conditionally *in forma pauperis*, (*see* Doc. 4), Plaintiff initiated this second lawsuit against her employer, the United States Postal Service, three months before this Court entered judgment in favor of her employer in her first suit.[1] As in the prior litigation between these same parties, discovery has not proceeded smoothly. Currently pending is Plaintiff's second motion to compel discovery. Defendant has filed an opposing memorandum, to which Plaintiff has replied. For the reasons stated below, Plaintiff's motion to compel will be DENIED, but the parties will be directed to engage in in-person discussion about any remaining disputes.

**I.    Procedural Background**

Plaintiff initiated this employment discrimination case on July 12, 2021, and filed an amended complaint on October 18, 2021. (Doc.10). The Court first entered a calendar order on May 23, 2022. (Doc. 24). Due in part to the filing of a second amended complaint on January 10, 2023,[2] (*see* Doc. 45), the discovery deadline was extended to March 28, 2023, with a current dispositive motion deadline of May 12, 2023.

---

[1] *See Seifu v. Postmaster General*, Case No. 1:19-cv-572-SKB. The Sixth Circuit affirmed this Court's grant of summary judgment. (*Id*., Doc, 118; *see also* Court of Appeals Case No. 21-4068).
[2] As explained in an Order granting leave to file the second amended complaint, a prematurely filed (and

1

The pending second motion to compel builds upon a prior similar motion filed by Plaintiff on November 17, 2022, and concerns the same set of September 14, 2022 written discovery requests. In her first motion, Plaintiff objected (among other things) to Defendant's boilerplate-style objections. However, Plaintiff's first motion failed to provide this Court with copies of her requests or Defendant's responses. Defendant was equally remiss insofar as it complained generally in opposition - without identifying any specific requests - that Plaintiff sought information beyond the relevant scope of discovery.

After chastising both parties for their "relatively paltry efforts" to exhaust extrajudicial efforts to resolve their discovery dispute, the Court's January 10, 2023 Order denied Plaintiff's first motion based upon Plaintiff's failure to comply with the "certification" requirements of Local Rule 37.1 and Rule 37, Fed. R. Civ. P. (Doc. 44 at n.9).[3] The January 10, 2023 Order took pains to explain to Plaintiff the steps she must take prior to re-filing a new motion to compel:

> If Plaintiff believes a particular objection is improper, she must specifically identify the disputed Interrogatory and the objection to the Defendant. A single email exchange is not sufficient. If some issue remains after extrajudicial attempts to resolve the dispute have been fully exhausted, Plaintiff may re-file a motion to compel that contains the requisite certification, and that better articulates which specific discovery requests and responses remain in dispute, the relevance of the disputed request(s), and why she believes Defendant's objections lack merit.

(Doc. 44 at 7-8) (footnote omitted). In addition to including copies of all requests as to which Plaintiff seeks to compel the Defendant to supplement, the Court directed Plaintiff

---

later stricken) version contained numerous exhibits that were not subsequently re-filed. (Doc. 44 n. 3).
[3] In the prior case, Plaintiff also filed (and amended) two motions to compel. (*See* Case No. 1:19-cv-572, Docs. 29, 57). The first was denied without prejudice based upon the same procedural defect. Her second motion to compel was granted in part. (Doc. 71). Notably, the Court's 23-page Memorandum Opinion and Order found fault with the conduct of *both* parties. Based in part on the parties' failure to engage in more than cursory efforts to resolve their discovery disputes prior to turning to the Court, the Court explicitly barred them from filing new written motions. The Court regrets that it is necessary to again order the parties to more fully comply with LR 37.1 and Rule 37.

2

to "detail the parties' efforts, including the dates of any email correspondence and/or telephonic communications." (*Id*. at n.9)

Plaintiff filed her new motion to compel on February 21, 2023, seeking both an order compelling Defendant to produce additional responses and to pay her "expenses and attorneys' fees." (Doc. 48 at 4, 8). Attached to the motion is a copy of a letter emailed to defense counsel on February 4, 2023 that Plaintiff refers to as an attempt to "Meet & Confer" in conformity with the requirements of Rule 37 and Local Rule 37.1. (Doc. 48-1).[4] Although the letter more generally asserts that Defendant's discovery responses are deficient and that its objections are overly vague, Plaintiff attaches a "Notice of Deficiency" that fully restates each previously served Interrogatory, Defendant's response thereto, and identifies with each "Deficiency" with greater particularity. (*Id*.)

Plaintiff also has included, as a second exhibit, a letter dated February 8, 2023, in which Plaintiff again complains about defense counsel's failure to "state with specificity the ground for objecting and …whether any responsive materials are being withheld on the basis of that objection." (Doc. 48-2 at 2, PageID 585). That letter further criticizes counsel's failure "to sort or label documents to correspond with" her numbered requests "or to produce them as they are maintained in the party's usual course of business" as required by Rule 34(b). (*Id.* at 3, PageID 586).

Plaintiff's certification and exhibits fail to state whether Defendant responded to her letters. Regrettably, Defendant's response in opposition, filed on the current discovery deadline of March 28, 2023, also fails to explain what efforts it made (if any) after the

---

[4]Although Plaintiff ostensibly proceeds "pro se," her motion is neatly typed, with citation to relevant case authority, and contains a puzzling use of plural pronouns such as: "We have attached a copy of the Meet and Confer Letter…." (Doc. 48 at 4). Plaintiff apparently has been represented by counsel in several EEOC matters but no counsel has appeared in this Court. In general, a pro se litigant may represent himself or herself in federal court but cannot represent any other person. And in general, no attorney may practice in this Court unless admitted to the bar of this Court. See also LR 83.5(b) (stating that an attorney who appears on behalf of a previously unrepresented party must "promptly" notify the Court).

3

Court's last Order. Instead, Defendant largely reiterates its response to Plaintiff's *first* motion to compel, stating that it offered to produce more complete responses subject to a protective order, but that it took no action after Plaintiff failed to respond to that November 2022 offer. Despite the clear language in the Court's January 10, 2023 Order expressly cautioning "both parties to proceed in good faith to resolve their remaining discovery disagreements extrajudicially," (*see* Doc. 44 at 7, emphasis original), Defendant does not appear to have responded specifically to Plaintiff's February 4 and February 8, 2023 letters.[5] In short, while Plaintiff appears to have been over-eager to re-file her motion to compel, Defendant's continued failure to respond did little to dissuade her.

## II. Analysis

Based on the parties' memoranda, the Court will grant Plaintiff's motion only in part as discussed below. This order is primarily intended to assist both parties in future extrajudicial efforts to resolve any remaining disputes without further Court intervention. To that end, the Court will direct defense counsel and plaintiff **to meet in person** within the next ten (10) days to resolve any remaining disputes.

### A. Scope of Discoverable Information (Relevancy)

A number of Defendant's objections to the outstanding discovery requests are based upon the questionable relevancy of the information that Plaintiff seeks to the claims that are at issue. Any party may decline to produce discovery that falls outside the scope of discovery as defined by Rule 26, Fed. R. Civ. In relevant part, Rule 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

---

[5] Defendant's response states that it did produce a "USPS Handbook AS-353" on February 7, but does not set forth or provide a copy of any accompanying communication.

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1). In order to determine whether Plaintiff's requests seek information "that is relevant" to her claims, the Court reviews the allegations underlying those claims.

Plaintiff's second amended complaint is limited to matters that she alleges she administratively exhausted through a formal EEO complaint filed on or about November 9, 2020. (Doc. 45 at ¶7). Plaintiff alleges that she received a Final Action on that complaint on May 26, 2021, and that the EEOC issued its Report of Investigation on June 7, 2021. (*Id.* at ¶¶ 8-9). All of the events underlying the claims at issue appear to have occurred in 2020 and 2021. (*Id.* at ¶ 54). This Court takes judicial notice of the fact that, while Plaintiff has included additional allegations under the caption "History of Employment," most (if not all) of that "History" concerns prior claims. *See* Case No. 1:19-cv-572.

In establishing the scope of discovery for her most recent claims, Plaintiff insists that she has alleged "wrongful termination, failure to provide benefits, retaliation, harassment, etc." (Doc. 48-1 at 20, PageID 576). And many of her discovery requests seek information about the alleged "discharge, termination, or lay-off." (Doc. 48-1 at 11, PageID 567). However, Defendant repeatedly argues that such information does not exist and/or is not discoverable because "[t]here is no removal or separation at issue in this case, and Defendant is not aware that Plaintiff was issued a removal or separation during the time period relevant to this case." (Doc. 48-1 at 11-12, PageID 567-68). Defendant appears to believe that Plaintiff is seeking information about some type of removal or separation prior to 2020.

To the extent that Defendant is objecting to the production of information regarding some unrelated separation or "termination" that predated the events at issue here, the Court would sustain Defendant's objection. However, in *this* case Plaintiff alleges that she

5

was "unlawfully escorted off the premises" on December 24, 2020, and was "terminated" on that date. (Doc. 45 at ¶¶77, 124). Plaintiff further alleges that she was not permitted to return until November 29, 2021 pursuant to a Grievance Settlement dated November 8, 2021. (*Id*. at ¶79). She alleges she was not paid for the roughly eleven months that she was off work, and lost both income and benefits. (*Id*. at ¶80).

In the context of the pending motion to compel, the accuracy of Plaintiff's claim that she was terminated on December 24, 2020 is not in issue. What is in issue is whether Defendant has information relevant to Plaintiff's requests about what she characterizes as "discharge, termination, or lay-off" in 2020 or that pertain to related events in 2021. To that extent, Defendant should continue to review the information in its possession or control and should produce any information not previously produced.

**B. The Alleged Need for a Protective Order**

Defendant suggests that it cannot provide full responses until Plaintiff executes a protective order that Defendant sent to Plaintiff in early November 2022. Defendant does not state whether it raised this issue anew or engaged in *any* discussion prior to re-sending Plaintiff a second copy of the protective order *after* she filed her second motion to compel. However, Defendant's response herein states that the parties recently "have been conferring" and that Plaintiff is "educat[ing] herself about privacy protective orders." (Doc. 51 at 4).

While a protective order is reasonable and necessary to protect third-party information subject to the Privacy Act, it is not reasonable for discovery to have been delayed for more than seven months based upon a failure to resolve this issue.[6] In the prior litigation, Case No. 1:19-cv-572, the Defendant similarly refused to produce

---

[6] The extent to which this issue has delayed discovery is unclear. Defendant's response in opposition to the motion to compel refers to the need for a protective order primarily for Interrogatories 10 and 11.

6

discoverable information based upon the need for a protective order. In that case, the Court ultimately granted Plaintiff's motion to compel certain documents "[s]ubject to a reasonable protective order." (*Id.*, Doc. 71 at 20). Given both parties' prior experience with the identical issue in Case No. 1:19-cv-572, this issue should not be the cause of further delay.

### C. Other Issues Concerning Specific Interrogatories

#### Interrogatories 1 and 2

Plaintiff seeks information concerning the location of personnel records and/or personnel offices. Defendant properly objects to the Interrogatories as overbroad and vague. In her February 4 letter, Plaintiff narrows the request and clarifies that she seeks information only about her own employment records. In response, Defendant produced Plaintiff's personnel file on March 28, 2023. Defendant explains that it intended to produce the file prior to Plaintiff's *first* motion to compel but that "the file was mistakenly omitted from the combined documents emailed to Plaintiff on November 2, 2022." (Doc. 51 at 2, n. 1 PageID 592). The Court cannot condone the amount of time it took for Defendant to discover its error and produce Plaintiff's personnel file to her. That said, Defendant's objections to further production are sustained.

#### Interrogatory 3

Plaintiff seeks detailed information concerning any and all "personnel manual[s]" – a request to which Defendant properly objects on grounds of proportionality as well as overbreadth, vagueness and relevancy. Defendant supplemented its response to Interrogatory No. 3 on February 7, 2023 by producing the "USPS Handbook AS-353, Guide to Privacy, the Freedom of Information Act, and Records Management." As an additional supplemental response, Defendant directs Plaintiff to "the USPS Employee Labor and Relations Manual, which can be found at

https://about.usps.com/manuals/elm/html/welcome.htm. Last accessed on March 28, 2023." (Doc. 51 at 3, PageID 593). Defendant's objections to further production are sustained.

### Interrogatory 4

Interrogatory 4 seeks detailed information on "all personnel forms maintained or used for each individual employee." Because the Defendant employs approximately 650,000 employees and has approximately 9000 "forms" that it uses for those employees, Defendant properly objects to the request as unduly burdensome, lacking in proportionality, and for overbreadth, vagueness and relevancy. In a supplemental response included in its opposing memorandum, Defendant refers Plaintiff to a website that includes a relevant "Forms Index." But in her February letter, Plaintiff narrows the scope of Interrogatory 4 by explaining that she seeks "which personnel forms have been used in the human resources file of the Plaintiff." (Doc. 48-1 at 8). To the extent that such specific forms exist that were not produced with Plaintiff's personnel file, the Court expects speedy resolution of the narrowed request. Otherwise, Defendant's objections are sustained.

### Interrogatory 6

Interrogatory 6 seeks "descriptions for all positions or job titles" among other things. Defendant properly objects to this overbroad and irrelevant request. Discovery is limited to information that is relevant to the 2020 and 2021 claims and must be "proportional to the needs" of this case. In its response in opposition, Defendant offers to provide "job descriptions and related to more specific requests if Plaintiff will narrow this request from all positions in the Postal Service and relevant time periods." Plaintiff's reply fails to narrow her request; therefore, Defendant's objection is sustained.

**Interrogatories 7 and 8**

Interrogatory 7 seeks "the name and office location of the department…responsible for the salary administration of the plaintiff, and …the name, office address and title of the person in charge of salary administration." Interrogatory 8 seeks "the wage schedule in use" at USPS including details about the salary ranges for each grade level, such as "what is designated by each [grade] (management and non-management)." Defendant objects to both Interrogatories based upon vagueness and relevancy, and further objects that producing information about its entire workforce is unduly burdensome and not proportional. However, Defendant appropriately supplements its response by referring Plaintiff "to the Pay Administration section of the USPS Employee Labor and Relations Manual," providing a website location for that manual.[7] Defendant's remaining objections to Interrogatories 7 and 8 are sustained.

**Interrogatories 11-25**

As to Interrogatories 11-25, counsel states that he "is willing to meet with Plaintiff in his office to review the discovery and discuss Plaintiff's requests and with the aim of providing Plaintiff the specific requested information and documents without Court involvement." The Court sustains Defendant's objections that the original Interrogatories seek information beyond the relevant scope of any claim at issue. For example, Interrogatory 12 seeks information concerning three employees whom Defendant represents were not working at Plaintiff's workplace when the events at issue transpired. Because Plaintiff has not alleged that they had other interactions with her relating to her

---

[7] Insofar as this Court is aware, there is no dispute to resolve about Interrogatory 9, which is not addressed in Plaintiff's motion. Nevertheless, Defendant also supplements its Interrogatory 9 response by referring Plaintiff "to the Pay Administration section of the USPS Employee Labor and Relations Manual" with an accompanying citation to the website.

9

2020 and/or 2021 claims, Plaintiff has failed to explain to this Court how information concerning the referenced three employees relates to any claim or defense in this case.

### D. Attorneys' Fees

As the Court noted in its last order denying Plaintiff's first motion to compel "a pro se litigant like Plaintiff cannot recover attorneys' fees." (Doc. 44 at n. 6). With no citation to authority, and well aware of this Court's prior adverse rulings on this issue in Case No. 1:19-cv-572, Plaintiff's repeatedly requests attorneys' fees. Plaintiff's repetitious requests for fees are objectively not "warranted by existing law or by a nonfrivolous argument" to change that law. *See* Rule 11(b)(2). Plaintiff is forewarned that pro se parties are not immune to sanctions for Rule 11 violations.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's motion to compel additional discovery responses (Doc. 48) is **DENIED**;

2. Plaintiff and defense counsel are directed to meet in person at the office of defense counsel at a mutually agreeable time and date, on or before June 12, 2023, in order to resolve all remaining discovery issues extrajudicially consistent with this Order;

3. Neither party may file any additional discovery-related motions. Should any further dispute arise, the parties are to first <u>fully exhaust</u> extrajudicial efforts to resolve the dispute. In this case, full exhaustion requires – at a minimum – at least one telephonic conference or in person conference. Only if efforts to resolve the dispute without court intervention have failed may the parties contact Courtroom Deputy Clerk Kevin Moser at 513-564-7680 in order to request an informal telephonic hearing on the issue in dispute;

4. The record reflects that discovery closed on March 28, 2023. Discovery shall remain closed other than as directed by this Order;

5. The existing deadline of June 25, 2023 for the filing of dispositive motions will not be extended beyond that date.

                                           *s/Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge